IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2021

## SAMUEL O. MCALISTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
No. C-20-241    Donald H. Allen, Judge
_____

### No. W2021-00045-CCA-R3-PC
_____

The Petitioner, Samuel O. McAlister, appeals the Madison County Circuit Court's denial of his post-conviction petition, seeking relief from his pleas to possession of a firearm by a convicted felon, possession of marijuana, possession of drug paraphernalia, driving on a revoked license, violating the financial responsibility law, and failing to illuminate his license plate and resulting effective five-year sentence. On appeal, the Petitioner contends that he received the ineffective assistance of counsel, which resulted in his pleas being unknowing and involuntary. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JILL BARTEE AYERS, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Samuel O. McAlister.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual Background

On January 28, 2019, the Petitioner pled guilty in case number 18-501 to possession of a firearm by a convicted felon, a Class C felony; possession of marijuana, Class A misdemeanor; and possession of drug paraphernalia, a Class A misdemeanor.[1] The

---

[1] This court may take judicial notice of the record presented on direct appeal of the Petitioner's convictions, and we choose to do so in this case. See State v. Lawson, 291 S.W.3d 864, 869 (Tenn. 2009).

Petitioner also entered "best interest" pleas in case number 18-956 to driving on a revoked license, fifth offense, a Class A misdemeanor; violating the financial responsibility law, a Class C misdemeanor; and failing to illuminate his license plate, a Class C misdemeanor. At the plea hearing, the State gave the following factual account of the crimes:

> The State would show at trial [that] on January 30th of 2018, Investigators Shoate and Tanner with Metro Narcotics Unit did come into contact with Mr. Samuel McAlister, the defendant in this matter, at a convenience store and parking lot located at 1321 East Chester Street which is here in Jackson, Madison County, Tennessee. During the encounter, Investigator Shoate asked for identification. During the encounter, Investigator Shoate did notice an odor of marijuana coming from Mr. McAlister's person. He was detained and a search of Mr. McAlister's person revealed a small amount of marijuana which was sent to the TBI for testing and came back positive at 3.29 grams. Also during the search of his person, officers recovered a Taurus 380 caliber handgun loaded with six rounds. At the time of his arrest, Mr. McAlister did have a prior felony conviction for possession of cocaine with intent to sell or deliver under Docket No. 05-493 from Madison County from back on November 21st of 2005. That would be the -- also during a search of his person, there was recovered a small marijuana grinder that had suspected marijuana residue on it. That would be the State's proof under Docket No. 18-501.
>
>             . . . .
>
> [In case number 18-956, the] State would show at trial that on or about August 19 of 2018, Officer Preslar, then with the Jackson Police Department, initiated a traffic stop on Mr. McAlister in the area of Laconte Street here in Jackson -- Laconte and Jackson Street here in Jackson, Madison County, Tennessee for improper lights. During that traffic stop, Mr. McAlister was found to be the driver. I believe his tag light was out. He was unable to provide proof of insurance at that time and upon a search of his driving history it was found that he did have prior convictions for driving on a suspended license. His license was suspended at that time and he had prior convictions from Madison County General Sessions Court on February 9th of 2017 and January 11th of 2017. Out of Jackson City Court on November 16th of 2011 and September 22nd of 2009.

During the plea hearing, trial counsel for the Petitioner reminded the trial court of the following: The Petitioner filed a motion to suppress in case number 18-501, arguing that the police unlawfully detained him and that he did not consent to a search of his person.

- 2 -

The trial court found that the odor of marijuana provided the officer with reasonable suspicion for the stop and that the Petitioner consented to the search. Therefore, the trial court denied the motion to suppress.

At the conclusion of the plea hearing, the trial court accepted the Petitioner's pleas. Pursuant to the plea agreement, the Petitioner received an effective five-year sentence with the trial court to determine the manner of service of the sentence. The trial court held a sentencing hearing and ordered that the Petitioner serve the effective five-year sentence in confinement.

On direct appeal of his convictions, the Petitioner claimed only that the trial court erred by denying his request for alternative sentencing. State v. Samuel McAlister, No. W2019-00660-CCA-R3-CD, 2020 WL 3409914, at *1 (Tenn. Crim. App. at Jackson, June 19, 2020). This court affirmed the judgments of the trial court. Id. at *4.

On September 1, 2020, the Petitioner filed a pro se petition for post-conviction relief, claiming that he received the ineffective assistance of counsel because trial counsel failed to reserve a certified question of law concerning the motion to suppress and advised the Petitioner to plead guilty without protecting his right to reserve a certified question of law. The Petitioner also argued that as a result of trial counsel's ineffective assistance, his guilty pleas were not knowing and voluntary. The post-conviction court appointed counsel, and post-conviction counsel did not file an amended petition.

At the evidentiary hearing, the Petitioner acknowledged that trial counsel worked for the public defender's office and was appointed to represent him in case numbers 18-501 and 18-956. The Petitioner said that he and trial counsel discussed the cases "[s]omewhat" and that trial counsel filed a motion to suppress in case number 18-501. The motion requested that the trial court suppress the gun and drug evidence found on the Appellant's person based on an illegal search and seizure. The trial court held a suppression hearing, and Investigator Shoate and the Petitioner testified. The Petitioner stated that during hearing, Investigator Shoate claimed the Petitioner gave consent for the search, which was not true. Nevertheless, the trial court found that the Petitioner gave consent and denied the motion. As a result of the denial, the Petitioner entered his pleas. The trial court held a sentencing hearing and ordered that the Petitioner serve his sentences in confinement.

The Petitioner testified that trial counsel filed a direct appeal of the convictions but that trial counsel only appealed the denial of alternative sentencing. Trial counsel did not inform the Petitioner about reserving a certified question of law, but the Petitioner "was under the impression the whole thing was getting appealed." The Petitioner acknowledged

that he wanted trial counsel to appeal the denial of his motion to suppress via a certified question of law.

On cross-examination, the Petitioner acknowledged that the trial court fully advised him of his rights at the plea hearing. He also acknowledged that his only complaint was that trial counsel did not reserve a certified question of law regarding the motion to suppress.

Trial counsel testified for the State that he had been a public defender for fifteen years and that the trial court appointed him to represent the Petitioner. Trial counsel obtained discovery, discussed the discovery materials with the Petitioner, and filed a motion to suppress on the basis of an illegal seizure and lack of probable cause. At the evidentiary hearing, the police officer testified that the Petitioner gave consent for the search, and the Petitioner testified that he did not give consent. The trial court accredited the officer's testimony and denied the motion.

Trial counsel testified that he did not appeal the trial court's denial of the motion to suppress because this court had said the trial court was in the best position to judge the credibility of the witnesses. Therefore, trial counsel concluded that appealing the trial court's denial of the motion to suppress would not have been successful. After the trial court denied the motion to suppress, the Petitioner entered an agreement with the State to plead guilty in exchange for an effective five-year sentence. The trial court was to determine the manner of service of the sentence, and trial counsel "put forward" an argument for alternative sentencing at the sentencing hearing. After the trial court sentenced the Petitioner to confinement, trial counsel appealed the sentence. Trial counsel reiterated that in his opinion, a certified question of law regarding the motion to suppress would not have been successful.

On cross-examination, trial counsel testified that he and the Petitioner did not discuss reserving a certified question of law. Trial counsel stated, "We just discussed the actual sentence and then after he got sentenced to serve it, it was to appeal the sentence."

On January 5, 2021, the post-conviction court entered an order denying the petition for post-conviction relief. In its order, the post-conviction court specifically incorporated and attached a letter sent to the State and post-conviction counsel setting out its findings of fact and conclusions of law.[2] In the letter, the post-conviction court stated that at the plea

---

[2] The letter was dated December 28, 2019, and did not bear a file-stamp date. According to Tennessee Code Annotated section 40-30-111(b), a post-conviction court "shall enter a final order, and . . . shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground." Therefore, on September 1, 2021, this court remanded the case to the trial court clerk for the limited purpose of "file-stamping the post-conviction

- 4 -

hearing, the Petitioner indicated that he was satisfied with trial counsel's representation and that he fully understood everything he was doing by entering his guilty pleas. The Petitioner admitted during the plea hearing that he committed the crimes and said that he had not been forced, pressured, or threatened to plead guilty. Thus, the post-conviction court found that the Petitioner entered his pleas knowingly, intelligently, and voluntarily. As to the Petitioner's claim of ineffective assistance of counsel, the post-conviction court accredited trial counsel's testimony that the Petitioner understood what he was doing and wanted to accept the State's five-year offer with the trial court to determine the manner of service of the sentence. The post-conviction court noted that the Petitioner's only complaint was that trial counsel should have appealed the trial court's denial of the motion to suppress. However, the post-conviction court found that trial counsel did not render deficient performance in that regard. Accordingly, the post-conviction court denied the petition.

## II. Analysis

To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was

---

court's correspondence containing the findings of fact and conclusions of law concerning the denial of post-conviction relief." The trial court clerk supplemented the record with a file-stamped copy of the letter on September 8, 2021.

deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Further,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59 (1985).

When a defendant enters a plea of guilty, certain constitutional rights are waived, including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Therefore, in order to comply with constitutional requirements a guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In order to ensure that a defendant understands the constitutional rights being relinquished, the trial court must advise the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. Boykin, 395 U.S. at 244.

In determining whether the petitioner's guilty pleas were knowing and voluntary, this court looks to the following factors:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

- 6 -

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

Turning to the instant case, the State argues that the Petitioner has waived his claims that trial counsel was ineffective for failing to preserve the denial of his motion to suppress for appellate review and that his guilty pleas were unknowing and involuntary because the Petitioner has failed to include the transcripts of the suppression and plea hearings in the post-conviction record.[3] As noted earlier in this opinion, though, we have taken judicial notice of the record on direct appeal of the Petitioner's convictions. However, that record does not include the suppression hearing transcript. Accordingly, we agree with the State that the Petitioner has waived his claim that trial counsel was deficient for failing to preserve the denial of his motion to suppress. See Tenn. R. App. P. 24(b) (providing that it is the appellant's duty to prepare a fair, accurate, and complete record on appeal to enable this court to conduct a meaningful review).

In any event, even with the suppression hearing transcript, we would conclude that the Petitioner is not entitled to relief. According to the Petitioner, he and Investigator Shoate were the only witnesses who testified at the suppression hearing. Trial counsel testified at the evidentiary hearing that he did not think the issue would have been successful on appeal because the trial court accredited the police officer's testimony that the Petitioner consented to the search. As trial counsel noted, this court has repeatedly stated that in reviewing a trial court's determinations regarding a suppression hearing, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Thus, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." Id. The Petitioner has failed to provide any explanation for why the trial court erred by denying his motion to suppress. Accordingly, we agree with trial counsel that the issue would not have been successful on appeal. Therefore, the Petitioner has failed to show he was prejudiced by trial counsel's failure to preserve the issue via a certified question of law.

As to the State's claim that the Petitioner has waived whether his pleas were knowing and voluntary, the post-conviction court stated at the conclusion of the evidentiary hearing that it was going to review "all of these materials and the opinion and the court file." The direct appeal record includes the plea hearing transcript. Therefore, we will address the issue.

---

[3] Before the Petitioner's evidentiary hearing, the post-conviction court ordered that copies of the of the plea and sentencing hearings be transcribed for the Petitioner and the State. A copy of the sentencing hearing transcript is in the technical record. However, even after the State noted in its brief that the plea and suppression hearing transcripts were not in the post-conviction record, the Petitioner inexplicably failed to supplement the record with those transcripts. See Tenn. R. App. P. 24(e), (g).

The post-conviction court found that at the plea hearing, the Petitioner indicated under oath that he was satisfied with trial counsel's representation, that he understood what he was doing by entering his pleas, and that no force, pressure, or threats had caused him to plead guilty. The post-conviction court also found that nothing suggested the Petitioner wanted to go to trial in either of his cases. Our review of the plea hearing transcript confirms that the trial court questioned the Petitioner extensively concerning the knowing and voluntary nature of his pleas and whether he was satisfied with trial counsel's representation.

Moreover, the record demonstrates that the Petitioner was thirty-nine years old at the time of the plea hearing and that he had prior convictions. During the hearing, the trial court asked if the Petitioner understood that he could appeal his sentences but not his convictions, and the Petitioner said yes. The Petitioner told the trial court that trial counsel had discussed possible defenses with him, and the trial court asked if the Petitioner wanted to address any issues about trial counsel. The Petitioner said no. The trial court also asked if the Petitioner was taking any drugs or medication that might impair his judgment, and the Petitioner again said no. During the post-conviction evidentiary hearing, trial counsel testified that the Petitioner understood what he was doing when he pled guilty, and the post-conviction court accredited trial counsel's testimony. Had the Petitioner not pled guilty, he was facing trials in two cases, the most serious of which involved a Class C felony with a potential punishment of six years in confinement. See Tenn. Code Ann. § 40-35-112(a)(3). Instead, the Petitioner entered his pleas in exchange for a total effective sentence of five years in confinement with the trial court to determine the manner of service. Furthermore, as noted in the State's brief, nothing indicates that the State would have consented to preserving a certified question of law as part of the Appellant's plea agreement. See Tenn. R. Crim. P. 37(b)(2)(A). Accordingly, we conclude that the Petitioner has failed to show that he did not plead guilty knowingly and voluntarily.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE